UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
---------------------------------------------------------x
RIVIANA FOODS, INC.
And Interested Subrogated Underwriters,

Plaintiff,

-against-

JACOBSON WAREHOUSE INC.
d/b/a XPO LOGISTICS-SUPPLY CHAIN
as Successor to ARNOLD LOGISTICS, LLC,

Defendant.
---------------------------------------------------------x

Case No.: 1:18-cv-06550

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

CARUSO GLYNN, LLC
Attorney for Plaintiff
*Riviana Foods, Inc.*

242-03 NORTHERN BLVD.
SUITE 201
LITTLE NECK, NEW YORK 11362
TELEPHONE: (718)819-8667
FACSIMILE: (718) 767-2474
e-mail to lglynn@carusoglynn.com
www.carusoglynn.com

## Table of Contents


Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Preliminary Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Point I - Summary Judgment Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Point II - Breach of Contract. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A) GXO Breached its Obligations to Preserve and Maintain Riviana's Cargo in Good Condition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

B) GXO Was Contractually Responsible for Loss and Damage to Riviana's Cargo . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

C) GXO Was Contractually Obligated to Procure Warehouseman's Legal Liability Insurance and Name Riviana as an Additional Insured. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

D) GXO Was Contractually Obligated to Indemnify and Hold Riviana Harmless . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Point III - Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# Table of Authorities

## Cases

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Kellers Sys., Inc. v. Transp. Int'l Pool, Inc.*, 172 F. Supp. 2d 992, 997 (N.D. Ill. 2001) . . . . . . . . 3

*Pierce v. Montgomery County Opportunity Board, Inc.*,
884 F.Supp. 965, 970 (E.D.Pa.1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## Fed. R. Civ. P.

Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## Preliminary Statement

This memorandum of law is respectfully submitted in support of plaintiff's Motion for Summary Judgment against Jacobson Warehouse Company, Inc. d/b/a XPO Logistics Supply Chain, now known as GXO ("GXO").

## Factual Background

The facts in this action against GXO are extremely straight forward. Riviana was the owner of numerous pallets containing food products which were stored in the overflow area of the GXO warehouse located at 25810 S. Ridgeland Avenue, Monee, I ("the Warehouse"). See Plaintiff's Local Rule 56.1 Statement in Support of Summary Judgment ("L.R. 56.1") at ¶1 and the Verified Complaint ("VC") annexed as Exhibit 1 to the Declaration of Lawrence C. Glynn dated December 23, 2022, ("Glynn Dec.") at ¶5. On June 12, 2017, there was a fire at the Warehouse. L.R. 56.1, ¶2. There was damage to these goods resulting from GXO's fundamental breaches of, and deviations from, the terms of the governing contract. As a result of that fire, Riviana's goods were destroyed. *Id*. at ¶¶3-4. As a result of that fire, GXO breached the contract by (a) failing to deliver the cargo as scheduled to Riviana and/or its designated consignee(s); (b) failing to properly care for the cargo between the time of receipt of the cargo at the place of shipment and the time of eventual delivery, and (c) the eventual delivery of the cargo by GXO in a short, missing and depreciated condition. *Id.* at ¶¶5-7.

In short, GXO and Riviana had a contract whereby GXO had two primary jobs to do: 1) store Riviana's food products in its warehouse, and 2) not let those products get lost or damaged. GXO failed in carrying out those contractual obligations.

In addition, GXO was contractually obligated to: 3) procure insurance naming Riviana as an additional insured; 4) indemnify Riviana for all damage to Riviana's goods, and 5) pay Riviana's reasonable attorney's fees. GXO has failed to honor any of these contractual obligations as well.

## ARGUMENT

### Point I
### Summary Judgment Standard

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate when, having construed the evidence in the light most favorable to the non-movant "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)

A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is material within the meaning of Rule 56 where it "might affect the outcome of the suit under the governing law." *Id.* at 248. In determining whether there are genuine disputes of material fact, the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party

against whom summary judgment is sought." *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003) (citations and quotations omitted).

This standard imposes the initial burden on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the party opposing summary judgment must identify specific facts and affirmative evidence that contradict those offered by the moving party to demonstrate that there is a genuine issue for trial. *Id.* at 324*; see also Anderson,* 477 U.S. at 256–57. Summary judgment is also proper where "after adequate time for discovery and upon motion ... a party ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23.

**Point II**
**Breach of Contract**

To state a claim for breach of contract under Pennsylvania law, which applies to plaintiff's claims against GXO[1], plaintiff must allege (1) the existence of a valid contract; (2) that plaintiff complied with the agreement and performed its obligations; (3) defendant's breach of the Agreement; and (4) that defendant's breach has damaged plaintiff. *Kellers Sys., Inc. v. Transp. Int'l Pool, Inc.*, 172 F. Supp. 2d 992, 997 (N.D. Ill. 2001) *citing Pierce v. Montgomery County Opportunity Board, Inc.*, 884 F.Supp. 965, 970 (E.D.Pa.1995). Here, there is no dispute that there was a valid contract and that plaintiff was at all times in full compliance therewith. GXO does not dispute that it breached the contract when it failed to protect Riviana's goods, failed to procure insurance naming Riviana as an additional insured, or when it failed to indemnify Riviana for its

[1] See Declaration of Lawrence C. Glynn and Exhibit 3 thereto at §4.6

loss. The only remaining issue for Riviana to establish its prima facie entitlement to summary judgment is its damages.

### A) GXO Breached its Obligations to Preserve and Maintain Riviana's Cargo in Good Condition

MHSA §2.6(a) states:

> [GXO] shall preserve and maintain the Inventory in as good a condition as such Inventory was received from... Riviana.

L.R. 56.1 at ¶13; Glynn Dec., Ex. 3

GXO failed to maintain the Inventory in as good a condition as such Inventory was received from Riviana. L.R. 56.1 at ¶14; VC at ¶7, Glynn Dec., Ex. 1. In accordance with §2.6(f), Riviana made a proper written claim to GXO for its damages on June 20, 2017 demanding that GXO honor its contractual obligations in accordance with MHSA §2.6(d) and GXO has refused. L.R. 56.1 at ¶15; Glynn Dec., Ex. 4.

Prior to the fire at the GXO warehouse, Riviana's food products were in good order and condition. L.R. 56.1 at ¶16; VC at ¶13, Glynn Dec., Ex. 1. Following the fire at the GXO warehouse on June 12, 2017, Riviana's food products were destroyed. L.R. 56.1 at ¶17; VC at ¶¶7, 9, 15; Glynn Dec., Exs. 1 and 2. As a result of GXO's breach, Riviana, and its underwriters, sustained damages in the amount of $2,261,459.85. L.R. 56.1 at ¶18; VC at ¶¶10, 16; Glynn Dec., Exs. 1 and 2.

### B) GXO Was Contractually Responsible for Loss and Damage to Riviana's Cargo

MHSA §2.6(d) states:

> [GXO] shall be responsible for any losses or damages incurred by ... Riviana, including but not limited to... lost, damaged or destroyed Inventory, which losses or damages are attributable to a breach of this Agreement by, or willful misconduct or negligent acts or omissions of, [GXO] or its employees, representatives or agents.

L.R. 56.1 at ¶19; Glynn Dec., Ex. 3.

In accordance with §2.6(f), Riviana made a proper written claim to GXO for its damages on June 20, 2017 demanding that GXO honor its contractual obligations in accordance with MHSA §2.6(d) and GXO has refused. L.R. 56.1 at ¶20; Glynn Dec., Ex. 4. GXO breached the contract under MHSA §2.6(d) by failing to recognize its financial responsibility with respect to Riviana's damaged cargo. L.R. 56.1 at ¶21; VC at ¶9, Glynn Dec., Ex. 1. As a result of GXO's breach Riviana, and its underwriters, sustained damages in the amount of $2,261,459.85. L.R. 56.1 at ¶22; VC at ¶¶10, 16; Glynn Dec., Exs. 1 and 2.

### C) GXO Was Contractually Obligated to Procure Warehouseman's Legal Liability Insurance and Name Riviana as an Additional Insured

MHSA §2.11(a) states:

> [GXO] shall secure and maintain at all times throughout the term of this Agreement, at its sole cost and expense, the following insurance coverage:
>
> (i) Warehouseman's legal liability insurance having limits of liability of not less than $25 million per occurrence. Riviana shall... be named as an additional insured on the warehouseman's legal liability insurance policy.

L.R. 56.1 at ¶23; Glynn Dec., Ex. 3.

In accordance with §2.6(f), Riviana made a proper written claim to GXO for its damages on June 20, 2017 demanding that GXO honor its contractual obligations in accordance with MHSA §2.11(a) and GXO has refused. GXO and/or its insurers have failed to honor the valid claim of their insured, i.e., Riviana, and GXO has thus nullified and breached this contractual obligation. As a result of GXO's breach, Riviana, and its underwriters, sustained damages in the amount of $2,261,459.85. L.R. 56.1 at ¶24; Glynn Dec., Ex. 4.

**D) GXO Was Contractually Obligated to Indemnify and Hold Riviana Harmless**

At all times relevant, GXO was contractually obligated to indemnify and hold harmless Riviana. MHSA §4.1 Indemnification states:

> (a) [GXO] shall indemnify and hold harmless Riviana. [its] parent and affiliated companies, and the directors, officers, employees, agents, contractors, and the successors and/or assigns of all of them, from and against any and all claims, losses, costs, liabilities, interest, expenses and actions at law or in equity (including fines, penalties, and reasonable attorney's fees and disbursements), including but not limited to injury to persons (including death) or damage to property... arising out of or resulting from the breach of this Agreement by, or willful misconduct or negligent acts or omissions of, [GXO], its agents, employees or contractors....

L.R. 56.1 at ¶25; Ex. 3.

GXO breached the MHSA §4.1 by failing to indemnify Riviana for its damaged goods. L.R. 56.1 at ¶26; Glynn Dec., Ex. 3. In accordance with §2.6(f), Riviana made a proper written claim to GXO for its damages on June 20, 2017 demanding that GXO honor its contractual obligations in accordance with MHSA §4.1 and GXO has refused. As a result of GXO's breach, Riviana, and its underwriters, sustained damages in the amount of $2,261,459.85. L.R. 56.1 at ¶27; Glynn Dec., Ex. 4.

## Point III

## Damages

Riviana suffered damages as follow:

| | |
|---|---|
| Product and Packaging Sent to Landfill | $1,743,074.87 |
| Landfill Costs & Labor Related to Loading Dumpsters | $156,635.94 |
| Travel Related Costs | $3,990.54 |
| Off-Site Facility Costs | $174,903.50 |
| Pallets Destroyed. | $105,024.00 |
| Increased Semolina Costs to Replace Lost Product | $77,831.00 |
| **Total Damages** | **$2,261,459.85** |

L.R. 56.1 at ¶28; Glynn Dec., ¶7 and Ex. 4 thereto.

As this loss occurred more than five years ago, prejudgment interest on this claim is substantial. The per diem rate of $137.48 is calculated as follows:

.02219[2]/365 x $2,261,459.85 = $137.48 per diem

L.R. 56.1 at ¶29; Glynn Dec., ¶8.

Total interest as of December 23, 2022 is $277,709.60 ($137.48 x 2,010 days). L.R. 56.1 at ¶30; Glynn Dec., ¶9.

At all times relevant, GXO was contractually obligated to pay Riviana's reasonable attorney's fees. MHSA §4.1 Indemnification states:

---

[2] Ten Year Treasure Rate on June 12, 2017

> (a) [GXO] shall indemnify and hold harmless Riviana. [its] parent and affiliated companies, and the directors, officers, employees, agents, contractors, and the successors and/or assigns of all of them, from and against any and all claims, losses, costs, liabilities, interest, expenses and actions at law or in equity (including fines, penalties, **and reasonable attorney's fees and disbursements**), including but not limited to injury to persons (including death) or damage to property... arising out of or resulting from the breach of this Agreement by, or willful misconduct or negligent acts or omissions of, [GXO], its agents, employees or contractors....

L.R. 56.1 at ¶31; Glynn Dec., ¶10 and Ex. 3 annexed thereto, emphasis added.

Counsel for Riviana is handling this matter on a contingency fee of 17.5% plus out of pocket expenses. L.R. 56.1 at ¶32; Glynn Dec., ¶11.

Riviana is entitled to recover attorney's fees in the amount of $444,354.65, which is 17.5% of $2,539,169.45, which represents the sum of 1) the amount for which GXO is liable **($2,261,459.85)** plus 2) interest through December 23, 2022 ($277,709.60). L.R. 56.1 at ¶33; Glynn Dec., ¶12.

Riviana's damages, including prejudgment interest and attorney's fees, are summarized as follows:

| | |
|---|---|
| Damages due to GXO's breaches | $2,261,459.85 |
| Pre-Judgment Interest through December 23, 2022 | $277,709.60 |
| Attorney's Fees | $444,354.65 |
| **Total** | **$2,983,524.10** |

L.R. 56.1 at ¶34; Glynn Dec., ¶13.

## Conclusion

In light of the foregoing, Riviana respectfully requests that the Court grant summary judgment in its favor against defendant GXO for the amount of $2,983,524.10 and such other and further relief as this Court deems just and proper.

Dated: Little Neck, New York
December 23, 2022

Respectfully submitted,

**CARUSO GLYNN, LLC**
Attorneys for Plaintiff
*Riviana Foods, Inc.*

By: Lawrence C. Glynn

Lawrence C. Glynn (LCG-6431)
242-03 Northern Blvd.
Suite 201
Little Neck, N.Y. 11362
(718) 819-8668
*lglynn@carusoglynn.com*
CG File No.: 42.042418.01