UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

---------------------------------------------------------x

RIVIANA FOODS, INC.
And Interested Subrogated Underwriters,

Plaintiff,

-against-

JACOBSON WAREHOUSE INC.
d/b/a XPO LOGISTICS-SUPPLY CHAIN
as Successor to ARNOLD LOGISTICS, LLC,

Defendant.

---------------------------------------------------------x

Case No.: 1:18-cv-06550

**PLAINTIFF'S RESPONSE TO GXO'S RESPONSE TO COURT'S REQUEST FOR A MEMORANDUM ON A POTENTIAL RULE 54(B) INTERLOCUTORY APPEAL**

The Court has now granted Riviana's motion for summary judgment on the issue of liability. This is now the law of the case. To the extent that GXO believes this truism can somehow be reversed by this Court is wholly without merit.

The issue of Riviana's standing to maintain this action was fully briefed and argued, albeit belatedly, in GXO's unsuccessful motion for summary judgment. The issue has now been fully and fairly litigated and GXO is now collaterally estopped from arguing that Riviana is not the real party in interest.

Nevertheless, to the extent that GXO's Response to the Court's Request for a Memorandum on a Potential Rule 54(b) Interlocutory Appeal once again raises (belatedly) questions as to standing and certain "admissions" made by Riviana at oral argument, it is necessary for Riviana to set the record straight.

First, the Court should note that on July 15, 2022, the Riviana served its Rule 26(a)(1) disclosure. Included in Plaintiff's Rule 26(a)(1) Disclosure was a Proof of Loss (designated as Bates No.: RIV000342), a true and correct copy of which is annexed hereto as Exhibit 1. A true and correct copy of the email exchanges with all counsel confirming the transmission of these disclosures is annexed hereto as Exhibit 2.

Accordingly, GXO has been on notice of the relationship between Riviana and its underwriters since at least July 15, 2022, as well as the amount in which Riviana has been reimbursed by its insurers - - a reimbursement made only after Riviana's primary insurer, i.e., the entity issuing warehouseman's coverage in favor of Riviana as required by the MHSA, wrongfully denied coverage which resulted in this litigation.[1]

In addition, in its Complaint, Riviana, as a bailee, made clear that it was suing on its own behalf and on behalf of others, as permitted under Fed. R. Civ. P. 17(a)(1)(D) and (F). See Dkt. No. 1 at ¶10. While Riviana's claim for bailment was dismissed without prejudice, Riviana's status as a bailee never changed.

Even if the Court were to reject Riviana's status as a bailee for purposes of Fed. R. Civ. P. 17(a)(1)(D), Exhibit 1 is clearly the type of contract contemplated under Fed. R. Civ. P. 17(a)(1)(F) which permits Riviana to proceed as the real party in interest on behalf of a party "in whose name a contract has been made for another's benefit."

Indeed, if the forgoing were not enough proof of Riviana's right to bring suit, which is denied, Fed. R. Civ. P. 17(a)(3) nevertheless provides that

---

[1] This will be issue number one in Riviana's eventual direct action against said primary insurers (Zurich Insurance Company, et al.) for their collective bad faith denial of coverage, in which, in addition to interest and attorney's fees accruing from June 12, 2017 due and owing under the MHSA, said insurers will also be subject to potential punitive damages.

> [t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

The Proof of Loss, which has been in the possession of GXO for more than two years, shows that Riviana was indeed paid by AON UK on behalf of "Cargo Underwriters" the amount of $2,079,173.99. The amount of actual damages suffered by Riviana was $2,261,459.85. [See Dkt. Nos. 1, 188, 188-1, 188-4, 211-2 ].Under these circumstances, Riviana, as subrogor, and Cargo Underwriters[2], as subrogee, *both* maintain an ownership interest in this claim and *either* party may bring a suit as the real party in interest.

> If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. 3 Moore, Federal Practice (2d Ed.) p. 1339. If it has paid only part of the loss, both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tortfeasor which qualify them as real parties in interest.

*United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380–81, 70 S. Ct. 207, 215, 94 L. Ed. 171 (1949)

To the extent that the Court determines that a formal novation by Riviana's underwriters is required for purposes of Fed. R. Civ. P. 17(a)(3), said underwriters will promptly provide same.

GXO's quibbling over "real party in interest," seven years post-loss and six years after the commencement of this action, is a rather bizarre and disingenuous attempt to "prove" that Riviana (and its underwriters) have not actually suffered any damages whatsoever. GXO is asking this Court

---

[2] GXO is indeed entitled to know the identity of each of the underwriters who comprise "Cargo Underwriters" and Riviana shall undertake to provide that information forthwith.

to believe that there was a massive fire in their warehouse, where Riviana's products were completely destroyed, yet somehow Riviana and its underwriters actually suffered no damages at all. It's a thinly veiled attempt by GXO to continue to muddy the waters and prolong litigation when the only possible issue of fact left to be answered is plaintiff's quantum of damages, an issue that can be resolved in relatively short order.[3] [4]

Riviana's hard damages were set forth in its motion for summary judgment and the evidence submitted by Riviana in support of its damages went substantively uncontested. [See Dkt. Nos. 1, 188, 188-1, 188-4, 211-2 ]. GXO's responses to the evidence include 1) the Complaint not being verified, 2) Riviana mistakenly e-filing the MSHA in place of its survey report and 3) that only the survey summary was provided and not additional supporting documents referenced therein. What GXO failed to do was to actually refute this evidence with any evidence to the contrary, i.e., any evidence that Riviana either a) suffered no damages or b) suffered damages in a lower amount than that which Riviana has claimed and which its evidence supports. GXO provided so such evidence in its opposition to Riviana's motion for summary judgment and instead offered its nonsensical "Riviana was paid by its insurers so it doesn't actually have any damages" argument.

Thus, with the Court having granted Riviana's motion for summary judgment on the issue of GXO's liability, the only remaining questions with respect to damages concern the amount of interest owed from June 12, 2017 and the amount of reasonable attorney's fees owed to Riviana

---

[3] This is true regardless of how much Riviana was reimbursed by its insurers. The total quantum of damages to which Riviana and its subrogated underwriters does not fluctuate. If GXO can come forth with a single case that states otherwise, that would be impressive, to say the least.

[4] GXO is treading dangerously close to the line of frivolity, vexatiousness and harassing conduct with such arguments, and Riviana hereby places GXO on notice of its obligations under Fed. R. Civ. P. 11.

under the MHSA.[5] Riviana submits that these issues could be resolved in short order either by Your Honor or the Magistrate Judge with a Report and Recommendation.

In light of the foregoing, it is respectfully requested that the Court now accept briefing on the issue of interest and attorney's fees for purposes of finalizing the issue of Plaintiff's damages so that a final judgment can be issued.

Dated: Little Neck, New York
August 16, 2024

Yours, etc.,

**CARUSO GLYNN, LLC**
Attorneys for Plaintiff
*Riviana Foods, Inc.*

By: *Lawrence C. Glynn*

Lawrence C. Glynn (LCG-6431)
242-03 Northern Blvd.
Suite 201
Little Neck, N.Y. 11362
(718) 819-8668
*lglynn@carusoglynn.com*
CG File No.: 42.042418.01

---

[5] On paper, Plaintiff's (subrogee's and subrogor's) total damages to date total $3,082,547.51 inclusive of interest and attorney's fees owed by GXO as mandated by the MHSA.