IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RIVIANA FOODS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> GXO WAREHOUSE COMPANY, INC., <br><br> *Defendant/Third-Party Plaintiff* | Cause No. 1:18-cv-06550 <br><br> Judge Martha M. Pacold <br><br> Magistrate Judge Jeannice W. Appenteng |

**JOINT STATUS REPORT REGARDING DAMAGES DISCOVERY**

In response to the Court's December 23, 2024 Docket Entry (ECF 277), Plaintiff Riviana Foods, Inc. ("Riviana") and Defendant/Third-Party Plaintiff GXO Warehouse Company, Inc. f/k/a Jacobson Warehouse Company, Inc. ("GXO") submit the following Joint Status Report regarding their meet and confer efforts subsequent to that date:

**I.      Summary of Meet and Confer Efforts**

Counsel for the parties met and conferred by email on January 2, 2025, followed by a telephone conference on January 8, 2025. The parties were unable to narrow the remaining discovery issues further during the call. However, Riviana's counsel advised that he would consult his client to determine whether any other issues could be resolved or narrowed. Subsequently, he provided additional statements regarding the document custodians' files (addressed below).

**II.     Chart re Remaining Discovery Disputes**

Per the Court's order, the following chart addresses the remaining discovery disputes:

| Disputed Discovery Request or Issue | GXO's Position | Riviana's Position |
|---|---|---|
| Search Terms | GXO believes Riviana should search its document custodians' files using a more | Riviana performed a diligent and reasonable search of the relevant custodians' files to identify |

33408226

| Disputed Discovery Request or Issue | GXO's Position | Riviana's Position |
|---|---|---|
| (Applicable to First Requests for Production Nos. 2-38, Second Requests for Production Nos. 1, 3-7, and 11-12, and Second Interrogatories Nos. 3-7 and 9-14, all of which are included in GXO's Motion to Compel) | comprehensive set of search terms suggested by GXO, which are reasonably directed to obtaining relevant information and will help ensure that all responsive documents are found, including the following words and phrases relating to Riviana's loss, the subrogation/insurance issue, and the names of individuals and entities that had communications regarding those issues, which are designed to locate documents that are not covered by the terms Riviana has used thus far: "proof of loss," "losses," "Brueck," "DeKoker," "Blackman," "Holland," "Valitutto," "Aon," "underwriters," "EIMC," "Appleyard," "Barbuss," "subrogated," "subrogor," "subrogee," "insured," and "insurer" (with the exception that Riviana should not use the terms "Appleyard" and "Barbuss" for its search of Mr. Appleyard's files but, rather, should use the following terms instead: "Riviana," "New World Pasta," "Stacy," "Haworth," "Valitutto," "Slavin," "Bedford," "Dutka," "Hogan," "Bunker," and "Schrader."). Additionally, while Riviana asserts that the individuals whose files it searched were with different companies, Michael Slavin and Carmen Haworth were both with Riviana, and Riviana has provided no reasonable explanation for why it used | potentially responsive documents regarding the assessment of damages, which included the following terms: "Monee," "fire," "June 12, 2017," "warehouse," "warehouse fire," "insurance," "subrogation," "survey," "surveyor," "Riviana," "AON," "EIMC," "XPO," and "Jacobson" (as applied to document custodian Tomas Appleyard of Barbuss); "XPO fire;" "fire;" "warehouse;" "Monee;" "damages" (as applied to document custodian Carmen Stacy-Haworth, former Riviana Assistant General Counsel); and "June 12, 2017;" "subrogation;" "insurance;" and "Fire Monee;" "Chicago DC," "DC fire," "CHIDC inventory claim," "Chicago DC fire," and "fire" (as applied to document custodian Michael Slavin, former Riviana SVP and CFO).<br><br>Riviana believes that the additional terms proposed by GXO are duplicative of the terms already searched, are not reasonably tailored for the purpose of identifying potentially responsive documents to the assessment of damages, and that requiring Riviana to perform an additional round of document collection, review, and production merely to identify documents already produced is not proportional to the needs of this case. Riviana's position is supported by the documents it already produced, which indicate that the document custodians used language more similar to the terms used by Riviana than the terms proposed by GXO.<br><br>Riviana believes that it is reasonable and appropriate to utilize different search terms for different document |

| Disputed Discovery Request or Issue | GXO's Position | Riviana's Position |
|---|---|---|
| | different terms in searching Slavin's and Haworth's files, nor has it explained why the search terms it used for those two individuals would not also be appropriate for Tomas Appleyard of Barbuss, nor has it explained why the terms used for Appleyard (other than "Riviana") would not also be appropriate for searching Slavin's and Haworth's files. Thus GXO believes Riviana should combine the search terms used for Slavin, Haworth, and Appleyard and use all of those terms for all document custodians (with the exception of the term "Riviana" which was used with Appleyard but which would not make sense for Stacy-Haworth or Slavin), as well as searching the additional terms GXO set forth above. | custodians, particularly since the custodians worked for different companies and had materially different roles relative to the underlying incident. |
| Interrogatories and Document Requests re Communications with Other Entities Involved in Assessing Losses from the Fire, Including Fire Marshal, Third and Fourth-Party Defendants, Insurance Companies, and Others.<br><br>(Applicable to First Requests for Production Nos. 13-38, Second Requests for Production Nos. 3-4, Second | GXO's position is that these requests and interrogatories seek relevant communications with other entities involved in assessing the losses from the fire, such as the state fire marshal, the landlord at the warehouse, the fourth-party defendants (entities involved with the installation of lights at the warehouse), insurance companies for all entities involved, Riviana's affiliate (New World Pasta Company), and other entities that may have been involved in assessing damages caused by the fire. Such information may include communications relevant to the remaining damages issues in | Riviana's position is that it has provided sufficient documentary evidence to establish its damages and that any discovery from these third party entities would be duplicative.<br><br>Riviana further contends that GXO is conducting liability related discovery, not damages related discovery, despite that Judge Pacold clearly ruled on the issue of GXO's liability. It is Riviana's burden to prove its damages and has produced all documents necessary to do just that. To be sure, Riviana has produced the following documents to support its damages:<br><br>Riviana's expert's preliminary survey report (Bates Nos. RIV000512-529); |

| Disputed Discovery Request or Issue | GXO's Position | Riviana's Position |
|---|---|---|
| Interrogatories Nos. 12-14) | this case, and that is the purpose of GXO seeking this information, not any attempt to conduct discovery regarding liability. While Riviana indeed has the burden to prove its damages, GXO has the right to discovery regarding Riviana's damages, and, further, while GXO has begun noticing depositions in this case, it has not yet noticed depositions for the entities that are subject to the discovery requests and interrogatories at issue here (First Requests for Production Nos. 13-38, Second Requests for Production Nos. 3-4, Second Interrogatories Nos. 12-14), which include third and fourth party defendants, their insurers, the fire marshal, etc., nor has it expressed any intention to do so yet, which is something GXO would have to evaluate when it receives discovery from Riviana regarding communications with these entities related to its losses from the fire. | Riviana's expert damage survey report ("EIMC Survey Report 17-0275831") (RIV000530-534) which summarizes Riviana's damages in the amount of $2,261,459.85;<br><br>All supporting documents referenced in the EIMC Survey Report 17-0275831 in accordance with Judge Appenteng's September 11, 2024 minute entry [Dkt. No. 236];<br><br>All supplemental survey reports (Bates Nos. RIV000535-554).<br><br>Riviana has identified all underwriters.<br><br>Riviana has provided documents demonstrating the amount Riviana received from its underwriters, i.e., $2,2079,173.99 (RIV000342).<br><br>Riviana has provided the relevant unredacted policy (RIV000467-508);<br><br>Riviana has provided all emails contained in the claim file (RIV000397-466);<br><br>GXO is going far beyond discovery directed to damages and GXO has indicated its intentions for additional depositions based on the additional requests, which further demonstrates the disproportionalilty of these requests. |

In addition, the following issues still remain, although the parties agree that they are not discovery issues that can be addressed at this time:

| Disputed Issue | GXO's Position | Riviana's Position |
|---|---|---|
| Real parties in interest/Interested Subrogated Underwriters | GXO disagrees with Riviana's position regarding the subrogation issue and has repeatedly pointed out to Riviana that it still has produced no written authority or other document saying that the Interested Subrogated Underwriters will be bound by this litigation and will not separately seek recovery from GXO. Further, while Riviana has recently contended the Cargo Underwriters are parties to this lawsuit, it has not specifically identified them in the caption, complaint, and the certificate of interested parties, all of which are required. *See* Fed. R. Civ. P. 4(a)(1)(a); 7.1; 10(a). *See also* N.D. Ill. L.R. 3.1(a); 3.2. Further information and argument can be found in GXO's motion for leave to amend its answer, its memorandum in support thereof, and its reply in support thereof. *See* ECF 237-238, 246. | Riviana was not fully reimbursed for its loss from the Interested Subrogated Underwriters and, thus, Riviana has standing to bring this action. See, e.g., *Labella Winnetka, Inc. v. Gen. Cas. Ins. Co.*, 259 F.R.D. 143, 147 (N.D. Ill. 2009) citing *Providence Wash. Ins. Co. v. Am. Bridge Div. of U.S. Steel Corp.*, 200 Ill.App.3d 597, 146 Ill.Dec. 433, 558 N.E.2d 396, 397 (1990) (until a subrogee fully pays on the underlying claim "the insurer's right to subrogation is future, contingent and uncertain"); *Robbins v. Slavin*, 292 Ill.App. 479, 11 N.E.2d 651, 656 (1937) (allowing the subrogation after partial payment "would operate to place [the subrogee] upon a footing of equality with the holders of the unpaid part of the debt" creating the potential for disproportionate loss to fall on the subrogor); *Aetna Cas. & Surety Co. of Hartford Conn. v. Village of Maywood*, 262 Ill.App. 206 (1931). The result is the same if we apply Pennsylvania law. See, e.g., *Wimer v. Pennsylvania Emps. Benefit Tr. Fund*, 595 Pa. 627, 644, 939 A.2d 843, 853 (2007). Riviana has provided further background and argument in its opposition to GXO's motion to amend it answer. |
| Additional document custodians/lack of a litigation hold | Preliminarily, after review of the Records Retention Guidelines recently produced by Riviana, GXO believes that, even under those guidelines, the types of documents GXO is requesting should have been retained permanently, or at least for a long enough time period such that responsive documents should still remain for those custodians, because they related | It is premature for Riviana to respond to GXO's potential spoliation arguments because that issue is not before the Court. That said, Riviana has responded to GXO's purported document preservation concerns explaining that (1) much of the data sought relates to former employees (Matt Dutka, Michael Bunker and Parker Schrader) whose potentially responsive records are no longer |

| Disputed Issue | GXO's Position | Riviana's Position |
|---|---|---|
| | to a legal claim. Riviana has acknowledged that no litigation hold was in place, and it has not explained why the files of former employees (Dutka, Bunker, and Schrader) were not preserved under its document retention policy or why it has not produced any files from Michelle Hogan, who is still at Riviana. GXO is evaluating whether any action should be taken – including, but not limited to seeking an order that such destruction of evidence is spoliation of evidence under Federal Rule 37 -- in light of Riviana's failure to put a litigation hold in place for those custodians (and apparent failure to even follow its own Records Retention Guidelines). | accessible; (2) certain custodians (including Bedford), experienced technical computer issues, which made some of their data inaccessible; (3) Riviana, in the ordinary course of business, upgraded its data servers in the 2017-2018 time frame, which may have affected the custodians' emails and Riviana's ability to access and retrieve historical email; and (4) Riviana substantially complied with its Records Retention Guidelines and, to the extent there was any deviation, such deviation was unintentional and had nothing to do with the present dispute. |
| Claw Back of Email Riviana Claims to Be Work Product | GXO is continuing to evaluate Riviana's work product claim to determine whether GXO will oppose the claw back. | The email between Ms. Stacy-Haworth and an individual at Aon is attorney work product and should be clawed back. |
| Discovery re Attorney's Fees | GXO requested that Riviana produce the contingency fee agreement that is the basis for its claim for attorney's fees. GXO is considering Riviana's statement that there is no written agreement and expects there will be further discussions between the parties on this issue. | There is no written contingency fee agreement for this litigation. The contingency fee arrangement is based on the course of dealing between Riviana's counsel and Barbuss. |

### III. New Proposed Schedule

Per the Court's docket entry (ECF 277), the parties propose the following new schedule:

Rule 26(a)(2) expert disclosures on the issue of damages shall be served by April 25, 2025. Riviana represents that it does not intend to disclose any initial experts other than those already

identified in the following survey reports from EIMC LLC: (1) Preliminary Survey Report No. 17-027583 (dated June 26, 2017) and (2) Survey Report No. 17-027583 (dated December 22, 2017).

       Depositions of Rule 26(a)(2) damages experts shall be completed by May 16, 2025.

       Disclosure of rebuttal damages expert reports shall be produced by May 27, 2025.

       Depositions of fact witnesses related to Plaintiff's damages shall be completed by June 16, 2025.

       Depositions of rebuttal damages experts shall be completed by July 3, 2025.

       Dispositive motions related to Plaintiff's damages shall be filed by July 24, 2025.

| /s/ Lawrence C. Glynn | /s/ Lawrence C. Friedman |
|---|---|
| Lawrence C. Glynn<br>CARUSO GLYNN, LLC<br>242-03 Northern Boulevard<br>Suite 201<br>Little Neck, New York 11362<br>(718) 819-8668<br>(718) 767-2474 Fax<br>lglynn@carusoglynn.com | Lawrence C. Friedman, IL – 06192019<br>Allison N. Manger, IL – 6295220<br>THOMPSON COBURN LLP<br>One US Bank Plaza<br>St. Louis, Missouri 63101<br>(314) 552-6000<br>(314) 552-7000 Fax<br>lfriedman@thompsoncoburn.com<br>amanger@thompsoncoburn.com |
| Karl W. Roth<br>William P. Foley<br>ROTH LAW GROUP LLC<br>150 N. Michigan Ave.<br>Suite 800<br>Chicago, Illinois 60601<br>(312) 419-9599<br>kwr@rothlawgroup.com<br>wpf@rothlawgroup.com | Jeffrey N. Brown – *pro hac vice*<br>THOMPSON COBURN LLP<br>10100 Santa Monica Boulevard<br>Suite 500<br>Los Angeles, California 90067<br>(310) 282-9418<br>(310) 282-2501 Fax<br>jbrown@thompsoncoburn.com |
| *Attorneys for Plaintiff Riviana Foods, Inc.* | *Attorneys for Defendant/Third Party Plaintiff GXO Warehouse Company, Inc.* |

## CERTIFICATE OF SERVICE

    I hereby certify that on January 15, 2025 a true and correct copy of the foregoing was filed and served via the Court's electronic notification system on all parties of record.

*/s/ Lawrence C. Friedman*
