IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RIVIANA FOODS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> GXO WAREHOUSE COMPANY, INC., <br><br> *Defendant/Third-Party Plaintiff* | Cause No. 1:18-cv-06550 <br><br> Judge Martha M. Pacold <br><br> Magistrate Judge Jeannice W. Appenteng |

**JOINT STATUS REPORT REGARDING DAMAGES DISCOVERY**

In response to the Court's January 21, 2025 Docket Entry (ECF 282), Plaintiff Riviana Foods, Inc. ("Riviana") and Defendant/Third-Party Plaintiff GXO Warehouse Company, Inc. f/k/a Jacobson Warehouse Company, Inc. ("GXO") submit this Joint Status Report regarding (1) what additional damages discovery has taken place, (2) what discovery remains, and (3) whether any disputes require the Court's attention.

**I.    Additional Damages Discovery That Has Taken Place**

Since the hearing held by the Court on January 21, 2025 regarding the parties' discovery disputes, GXO has pursued discovery from Riviana, from third parties, and from Riviana's "interested subrogated underwriters" ("Underwriters"). Riviana has produced additional documents from the files of Thomas Appleyard, a Recovery Manager at Barbuss (NA) LLC ("Barbuss"), which is a company hired by Riviana's insurance broker and the Underwriters to pursue recovery of Riviana's losses from the fire that is the subject of this litigation (the "Fire").

More specifically, GXO served a notice for a Rule 30(b)(6) deposition of Riviana on September 17, 2024, and an amended deposition notice on December 11, 2024. The parties have not yet set a date for that deposition, as there were pending disputes over the costs of Riviana's document production.

33663021

Now that the Court has addressed that dispute (ECF 289), the parties will proceed to discuss Riviana's document production consistent with the Court's order and set a date for the deposition once all documents have been produced.

GXO served Rule 30(b)(6) subpoenas and accompanying document subpoenas on three third parties: (1) Barbuss, (2) Aon Risk Services Central, Inc. ("Aon"), which is one of several Aon entities involved in serving as insurance brokers for Riviana, and (3) EIMC LLC ("EIMC"), which is a company that was hired by Aon and Riviana to survey the damage from the Fire. Each subpoena included a list of topics and document requests related to Riviana's damages and the Underwriters' subrogation claims, which are the topics on which Judge Pacold directed discovery. *See* ECF 228.2 at 41:19-42:2; ECF 221. Riviana's counsel, who has stated that he also represents Barbuss, accepted service of the Barbuss subpoena on January 30, 2025. The Aon and EIMC subpoenas were served on January 29, 2025 and February 3, 2025, respectively.

On February 12, 2025, Aon's counsel sent a letter to GXO's counsel stating that Aon would produce documents responsive to the subpoena and requesting that GXO work with Aon on setting a date for the deposition. GXO sent an email to Aon's counsel on February 24, 2025 requesting dates when Aon's Rule 30(b)(6) witness would be available, as well as a timeframe for Aon to produce documents. GXO is awaiting Aon's response.

On February 26, 2025, Riviana's counsel informed GXO's counsel that EIMC has retained counsel to handle the subpoena and provided his contact information. On February 27, 2025, Riviana's counsel produced documents from EIMC to GXO. Riviana's counsel also represented to GXO that EIMC's witness is available for deposition on March 25, 2025, and GXO will confirm that date with EIMC's counsel.

The parties have tentatively set a date of March 20, 2025 for Barbuss' deposition. On February 26, 2025, Riviana produced documents from the files of Barbuss' 30(b)(6) designee, Tomas Appleyard,

pursuant to search terms agreed to by the parties in connection with GXO's document requests to Riviana served on September 17, 2024, and which were listed in the joint status report filed by the parties on February 5, 2025. *See* ECF 285 at 4-5.

GXO served notices for the Rule 30(b)(6) depositions of two of Riviana's 12 Underwriters on January 28, 2025. Specifically, GXO noticed the depositions of Liberty Corporate Capital Limited, as sole corporate member of Syndicate 4472 at Lloyd's, 4472 Liberty Managing Agency Limited ("Liberty"), and Syn2003 XL Catlin ("XL Catlin"). These two Underwriters were identified by Riviana in its interrogatory answers as having the largest percentage of liability for Riviana's losses. Those deposition notices included lists of deposition topics related to Riviana's damages and the subrogation issue, as well as document requests related to those topics. The parties have not yet set dates for those depositions, and a dispute remains over one of them (discussed in Section III below).

**II.     Discovery That Remains**

As discussed above, there are six Rule 30(b)(6) depositions that have been noticed and are pending. The parties expect those depositions to take place in the next couple of months. Additionally, as discussed above, GXO is awaiting document production from Aon. It is also awaiting document production from the two Underwriters noticed for Rule 30(b)(6) depositions, although one of those deposition notices is in dispute (*see* Section III). Fact witness depositions are scheduled to conclude by June 16, 2025.

Because there were disputes regarding Riviana's document production (which the Court resolved yesterday, ECF 289), Riviana has not yet completed its document production. Because there is a pending dispute over Barbuss' document production (discussed in Section III below), Barbuss also may have additional documents to produce.

Expert witness disclosures are due on April 25, 2025. *See* ECF 282. Expert witness depositions are scheduled to be completed by May 16, 2025. *Id.* Rebuttal expert reports are due by May 27, 2025, and rebuttal expert depositions are scheduled to be completed by July 3, 2025. *Id.*

### III. Disputes That Require the Court's Attention

The Court has addressed the two disputes that were the subject of the parties' February 18, 2025 status report. *See* ECF 289. Specifically, the Court rejected Riviana's arguments to claw back the email that the parties submitted to the Court (*see* ECF 287-1). The Court also ruled that at this time it would not order any cost-shifting of Riviana's expenses in producing documents but, rather, that Riviana should employ cost saving measures, and that the parties may mutually decide to further tailor the search terms if appropriate. ECF 289.

Although those disputes have been addressed, two new disputes have arisen regarding discovery since the parties filed the February 18 report. First, Riviana and the Underwriters object to GXO taking the Rule 30(b)(6) deposition of more than one of the 12 Underwriters. Second, Barbuss, through its counsel, Larry Glynn (who is also Riviana's counsel), objects to producing any documents from custodians other than Tomas Appleyard.[1] The parties' positions on those disputes are set forth below:

#### A. Underwriter Depositions

##### 1. GXO's Position

In determining which Underwriters to depose, GXO considered the list of Underwriters identified by Riviana and determined that the most reasonable course of action was to depose the two Underwriters with the largest stake in this matter. The Underwriters are likely to have discoverable

---

[1] GXO's counsel attempted to schedule a meet and confer call with Larry Glynn, who is counsel for Riviana, Barbuss, and the Underwriters, to discuss these two new disputes before the parties filed this joint status report. Mr. Glynn stated that he was unavailable for a call until after the deadline for filing this report, and he took the position that the Court's order (*see* ECF 282) had not required a meet and confer in advance of filing this report.

information regarding Riviana's damages and the Underwriters' own subrogation claims, the topics identified by Judge Pacold for discovery. *See* ECF 228.2 at 41:19-42:2; ECF 221.

GXO disagrees with the position of Riviana and the Underwriters that GXO should be permitted to depose only one of the Underwriters. There are 12 Underwriters that Mr. Glynn has asserted are parties to this case. It is not unreasonable for GXO to depose two of them.

Further, GXO has agreed to a substitution for the second Underwriter deposition, which is the deposition to which Mr. Glynn originally objected. Documents produced by Riviana on February 26, 2025 revealed to GXO for the first time that, out of the 12 Underwriters, apparently only two of them—Liberty and Syn1183 Talbot Underwriting Ltd ("Talbot")—have claims agreement authority in this matter. Specifically, those documents show that, on June 13, 2018, Anthony Blackman, a Claims Advocate at Aon, sent an email to Darren Deitz, Country Manager and Head of Barbuss UK, and Tomas Appleyard explaining that "there are 12 underwriters on this risk but only two (Liberty and Talbot) have claims agreement authority—the other 10 are full follow to the leaders and have absolutely no say (unless the claim became contentious and required full market approval—which is not the case here!)" Upon learning that information, GXO's counsel informed Mr. Glynn on February 27, 2025, that it would depose Talbot instead of XL Catlin. Since Liberty and Talbot are the two Underwriters with authority in this matter, it makes sense to depose them both.[2] There is no grounds to limit GXO to deposing only one of them.

### 2. Riviana's Position

Riviana proposed that GXO depose Liberty and, if after that deposition is completed, GXO can show a compelling reason why a deposition of Talbot is a) necessary and b) not cumulative, then that deposition may proceed.

---

[2] While GXO currently seeks to depose two of the Underwriters, GXO reserves the right to depose additional Underwriters should discovery reveal that additional depositions are warranted.

B.  **Barbuss' Document Production**

1.  **GXO's Position**

There is no dispute that Barbuss has relevant information regarding Riviana's damages and the Underwriters' subrogation claims. Further, Riviana's position that its production from Tomas Appleyard's files is sufficient to satisfy Barbuss' obligation to produce documents under the Rule 30(b)(6) subpoena is wrong. In response to GXO's first requests for production of documents served on Riviana on September 17, 2024, Riviana chose to produce files from Mr. Appleyard, who is apparently performing services for Riviana in seeking recovery for Riviana's alleged losses from the Fire. Certainly, Mr. Appleyard's files contain relevant information, and GXO has agreed that there is no reason to produce those files a second time in response to the Barbuss subpoena. However, Mr. Appleyard was not the only individual at Barbuss who was involved in the Riviana matter. Emails produced from Mr. Appleyard indicate that Mr. Deitz also played a substantial role in handling the Riviana matter, and that Esteban Suarez, Capital & Legal Director at Barbuss, was involved in selecting Mr. Appleyard to handle the Riviana matter and discussed strategy with him. At a minimum, Barbuss' document production should include responsive documents from the files of Mr. Deitz and Mr. Suarez, as those files are likely to contain information regarding Riviana's damages and the Underwriters' subrogation claims.

Finally, although the foregoing is dispositive, any objections to the Barbuss subpoena also should be overruled because they were made out of time. The deadline under Rule 45 for objecting to a document subpoena is "the earlier of the time specified for compliance or 14 days after the subpoena was served." Fed. R. Civ. P. 45(d)(2)(B). Mr. Glynn first objected to the Barbuss subpoena via an email sent to GXO's counsel 15 days after he accepted service of the Barbuss subpoena, which is one day past the 14-day deadline.

2. <u>**Riviana's Position**</u>

Following the January 21, 2025 hearing before Your Honor, the parties agreed to specific search terms and a specific custodian (Tomas Appleyard) for Barbuss' supplemental production, in accordance with Your Honor's directives. Riviana and Barbuss produced all responsive emails in accordance with those agreed upon terms and Your Honor's directives. GXO is now seeking further discovery based upon those responsive documents but have not explained what new information relating to Riviana's and underwriters' damages may be gleaned from such additional document searches, or how further searches will materially impact Riviana's and underwriters' claimed damages.

| | |
|---|---|
| /s/ Lawrence C. Glynn | /s/ Lawrence C. Friedman |
| Lawrence C. Glynn | Lawrence C. Friedman, IL – 06192019 |
| CARUSO GLYNN, LLC | Allison N. Manger, IL – 6295220 |
| 242-03 Northern Boulevard | THOMPSON COBURN LLP |
| Suite 201 | One US Bank Plaza |
| Little Neck, New York 11362 | St. Louis, Missouri 63101 |
| (718) 819-8668 | (314) 552-6000 |
| (718) 767-2474 Fax | (314) 552-7000 Fax |
| lglynn@carusoglynn.com | lfriedman@thompsoncoburn.com |
| | amanger@thompsoncoburn.com |
| Karl W. Roth | |
| William P. Foley | Jeffrey N. Brown – *pro hac vice* |
| ROTH LAW GROUP LLC | THOMPSON COBURN LLP |
| 150 N. Michigan Ave. | 10100 Santa Monica Boulevard |
| Suite 800 | Suite 500 |
| Chicago, Illinois 60601 | Los Angeles, California 90067 |
| (312) 419-9599 | (310) 282-9418 |
| kwr@rothlawgroup.com | (310) 282-2501 Fax |
| wpf@rothlawgroup.com | jbrown@thompsoncoburn.com |
| | |
| *Attorneys for Plaintiff Riviana Foods, Inc.* | *Attorneys for Defendant/Third Party Plaintiff GXO Warehouse Company, Inc.* |

## CERTIFICATE OF SERVICE

  I hereby certify that on March 4, 2025 a true and correct copy of the foregoing was filed and served via the Court's electronic notification system on all parties of record.

                   */s/ Lawrence C. Friedman*