IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RIVIANA FOODS, INC., *Plaintiff*, v. GXO WAREHOUSE COMPANY, INC., *Defendant/Third-Party Plaintiff* | Cause No. 1:18-cv-06550<br><br>Judge Martha M. Pacold<br><br>Magistrate Judge Jeannice W. Appenteng |

**JOINT STATUS REPORT REGARDING DAMAGES DISCOVERY**

In response to the Court's March 10, 2025 Docket Entry (ECF 292), Plaintiff Riviana Foods, Inc. ("Riviana") and Defendant/Third-Party Plaintiff GXO Warehouse Company, Inc. f/k/a Jacobson Warehouse Company, Inc. ("GXO") submit this Joint Status Report regarding (1) what additional damages discovery has been completed, (2) what discovery remains, and (3) whether any disputes require the Court's attention. The Court's Docket Entry requested this Joint Status Report to be submitted by April 18, 2025. GXO and Riviana are submitting this Report at this time because they are requesting an extension of the current discovery deadlines, one of which is currently set for April 25, 2025. GXO's and Riviana's request to extend the deadlines is being submitted by a separate Joint Motion.

**I.      Additional Damages Discovery That Has Taken Place**

Since the Court's March 10 order, GXO has continued to pursue document discovery. Barbuss (NA) LLC ("Barbuss"), which is a company hired by Riviana's insurance broker and its underwriters to pursue recovery of Riviana's losses from the fire that is the subject of this litigation (the "Fire"), has produced additional documents from the files of a second document custodian, Esteban Suarez.

33856747

Barbuss' counsel (who also represents Riviana in this litigation) has represented that Barbuss' production is now complete.

On January 29, 2025, GXO served a subpoena on Aon Risk Services Central, Inc. ("Aon"), Riviana's insurance broker. Counsel for Aon recently informed counsel for GXO that Aon anticipates producing documents by April 18, 2025. After Aon produces documents, the parties will schedule a deposition of the designated Aon witness(es).

GXO also served requests for production on Liberty Corporate Capital Limited, as sole corporate member of Syndicate 4472 at Lloyd's, 4472 Liberty Managing Agency Limited ("Liberty") and Syn1183 Talbot Underwriting Ltd ("Talbot"), the two of Riviana's "interested subrogated underwriters" ("Underwriters") who had claims agreement authority. Talbot recently produced documents, and counsel for Riviana and the Underwriters has represented that Liberty will also produce documents. Depositions for designated witnesses for Liberty and Talbot will be scheduled after the document productions for Liberty and Talbot are completed.

Riviana has not produced any additional documents from its own files since the Court's January 21, 2025 Order that Riviana was required to conduct additional searches and produce additional documents (ECF 282) or since the Court's March 3, 2025 Order holding that there would be no shifting of the costs of Riviana's document production at this time (ECF 289). Pursuant to the March 3 Order, GXO has engaged in meet and confer discussions with Riviana in an attempt to resolve issues regarding search terms for the additional searches Riviana would need to conduct pursuant to the Court's Orders.

After several weeks of discussions, on April 5, 2025, Riviana's counsel said that in the near future Riviana would provide GXO with a hit report that could be the basis for the parties to determine if they can agree on search terms for Riviana to use to produce additional documents. Riviana's counsel provided a hit report to GXO's counsel today, April 10, 2025. GXO will analyze that report and discuss

with Riviana whether agreement can be reached on search terms. If the parties are unable to resolve that issue, it may need to be submitted to the Court.

In the course of the meet and confer discussions, counsel for GXO stated that because of the delays in resolving the issue of Riviana's document production, it would be necessary to ask the Court to extend the current discovery deadlines. (Under the current deadlines, expert witness reports are due on April 25 and fact witness depositions are to be concluded by June 16). Counsel for Riviana agreed that the deadlines should be extended. The parties are separately submitting a Joint Motion to extend the current deadlines by 60 days.

## II. Discovery That Remains

As discussed above, fact witness depositions of Riviana, Liberty, Talbot, Barbuss, Aon, and EIMC LLC, the company that was hired by Aon and Riviana to survey the damage from the Fire, will be scheduled after document productions of Riviana, Aon, Liberty, and Talbot are complete.

As discussed above, the parties are separately submitting a Joint Motion to extend the current discovery deadlines by 60 days so that there is sufficient time to complete the damages discovery after documents have been produced by Riviana, Aon, Liberty, and Talbot.

## III. Disputes That Require the Court's Attention

There are no disputes that require the Court's attention at this time. However, if the parties are unable to reach agreement on search terms and Riviana's document production continues to be delayed, it may be necessary to submit that issue to the Court at a later date.

/s/ Lawrence C. Glynn
Lawrence C. Glynn
CARUSO GLYNN, LLC
242-03 Northern Boulevard
Suite 201
Little Neck, New York 11362
(718) 819-8668

/s/ Lawrence C. Friedman
Lawrence C. Friedman, IL – 06192019
Allison N. Manger, IL – 6295220
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri 63101
(314) 552-6000

- 4 -

(718) 767-2474 Fax
lglynn@carusoglynn.com

*Attorneys for Plaintiff Riviana Foods, Inc.*

(314) 552-7000 Fax
lfriedman@thompsoncoburn.com
amanger@thompsoncoburn.com

Jeffrey N. Brown – *pro hac vice*
THOMPSON COBURN LLP
10100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90067
(310) 282-9418
(310) 282-2501 Fax
jbrown@thompsoncoburn.com

*Attorneys for Defendant/Third Party Plaintiff GXO Warehouse Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2025 a true and correct copy of the foregoing was filed and served via the Court's electronic notification system on all parties of record.

/s/ Lawrence C. Friedman