Riviana Foods, Inc., et al.
                      Plaintiff,

v.                                          Case No.: 1:18–cv–06550
                                                              Honorable Martha M. Pacold

Jacobson Warehouse Inc.
                      Defendant.

# NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, July 3, 2025:

      MINUTE entry before the Honorable Martha M. Pacold: At the upcoming oral argument scheduled for 7/9/2025, [302], the parties should be prepared to address the following: "[F]ederal courts are always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." Tylka v. Gerber Prods. Co., 211 F.3d 445, 447–48 (7th Cir. 2000). "[T]he citizenship of the real party in interest is determinative in deciding whether the district court has diversity jurisdiction." Wilsey v. Eddingfield, 780 F.2d 614, 615 (7th Cir. 1985) (quotation omitted). In cases of partial subrogation–where the insurer has paid part of the loss–"both the insured and the insurer 'own' portions of the substantive right" and are therefore "real parties in interest." Hanover Ins. Co. v. Brandt Const. Co., 2011 WL 6648232, at *2 (C.D. Ill. Dec. 21, 2011) (citations omitted); In re The Chicago Flood, 1993 WL 116756, at *1 (N.D.Ill. April 15, 1993) ("the insured–subrogor, to the extent that it has not been compensated for damages by its insurer, may bring an action to recover the damages... [accordingly], an action may involve two real parties in interest if, for example, there has been partial subrogation of the claims"); United States v. Aetna Cas. & Sur. Co., 338 U.S. 366, 380–81 (1949) ("If [the subrogee] paid only part of the loss, both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tortfeasor which qualify them as real parties in interest."). In the parties' amended jurisdictional statement, [317], plaintiff represents that the "Interested Subrogated Underwriters are not parties to this action." Id. at 3. In response to a request by the Magistrate Judge, [315], plaintiff also provided the citizenship information of the "Interested Subrogated Underwriters" referred to in plaintiff's complaint. Id. at 2. Several of these underwriters are either identified as syndicates or members of syndicates. A syndicate "has the citizenship of each participating 'name.'" Ind. Gas Co., Inc. v. Home Ins. Co., 141 F.3d 314, 320 (7th Cir. 1998). Here, plaintiff does not explain whether the underwriters are, in fact, syndicates, nor does he identify the citizenship of each participating name (to the extent these entities are syndicates). Accordingly, at oral argument, the parties should be prepared to address (1) whether the "Interested Subrogated Underwriters" are real parties in interest to this action and (2) whether any or all of these underwriters are syndicates and if they are, the citizenship of their participating names. (rao, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.